## No. 3284.

### COHEN & WILSON *v.* GEORGE W. AVERY et als.

Plaintiffs, judgment creditors of Canale, caused their execution to be levied on certain movables. Mora injoined the sale, claiming to be the owner of the property seized. The injunction was dissolved in the court below, and the judgment was affirmed in this court with twenty per cent. damages against the principal and surety *in solido*. Pending the appeal, the sheriff improperly released the seizure, and Mora sold the property at auction.

Plaintiffs bring this suit for damages resulting from the illegal release of the seizure by the sheriff and from the improper injunction by Mora, and pray judgment against them *in solido* for the amount of their judgment against Canale, which they failed to realize by reason of the illegal acts of the sheriff and Mora. The sheriff calls in warranty Mora and the sureties on his injunction bond.

It is not possible to discover what obligation Mora and his surety have contracted towards the plaintiffs. This suit is not on the injunction bond. The injunction was dissolved, and with damages granted to plaintiffs against the principal and surety *in solido*. The illegal release by the sheriff accrued subsequently to the injunction, and did not result necessarily from the exercise of that writ. That Mora disposed of a judgment debtor's property, after it had been released from seizure, did not create a legal obligation against him in favor of the judgment creditor of the party whose property he had disposed of.

There is also no legal obligation to be enforced under the call in warranty. The principal and surety on the injunction bond did not contract to warrant the sheriff against the consequences of his own illegal acts.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont*, J. *Hornor & Benedict*, for plaintiffs and appellees. *Sambola & Ducros*, for Mora and his surety, defendants and appellants. *William R. Whitaker*, for Avery, the sheriff.

WYLY, J. The plaintiffs, judgment creditors of Joseph Canale for $941 85, caused their execution to be levied on the stock and movables contained in store No. 50 Royal street; thereupon Juan Garcia y Mora injoined the sale, claiming to be the owner of the property seized. The injunction was dissolved, and on appeal the judgment was affirmed

by this court with twenty per cent. damages *in solido* against the principal and surety on the injunction bond. 22 An. 417. In the meantime, that is, pending the injunction, Avery, the sheriff, improperly released the seizure, and Mora sold the property at auction.

After the decision of this court, the plaintiffs instructed the sheriff to proceed with the sale of the property which had been improp..rly injoined by Mora.

Finding, however, that the sheriff had improperly released the seizure of the property, which was sufficient to pay their debt, and that Canale had disappeared without leaving any property to be seized under execution, the plaintiffs brought this suit for damages resulting from the illegal release of the seizure by the sheriff and from the improper injunction by Mora, and prayed judgment against them *in solido* for the amount of their judgment against Canale, $941 85, which sum they failed to realize by reason of the illegal acts of said Avery, sheriff, and Mora.

Avery called in warranty Mora and the surety on his injunction bond, Jose Garcia y Boros. The court gave judgment for the amount claimed against Avery and Mora, and also gave Avery judgment in warranty for like amount against Mora & Boros. From this judgment Mora & Boros have appealed. Avery did not appeal.

We fail to perceive any obligation existing between the appellants and the appellees. The suit is not on the injunction bond. The injunction was dissolved, and this court condemned the principal and the surety on that bond *in solido* to pay the plaintiffs twenty per cent. damages on the amount of the writ injoined. 22 An. 417.

The immediate cause of the damage complained of was the illegal release of the seizure by the sheriff pending the injunction. For this loss the sheriff and the sureties on his bond might be held liable, because it resulted from a dereliction of duty by that officer. This illegal release was an event occurring subsequent to the injunction, and did not result necessarily from the exercise of that writ. Now, whether the property after the release was disposed of by Canale or Mora is immaterial. After the release it was Canale's property, and he might legally dispose of it or permit Mora to do so. That Mora disposed of a judgment debtor's property after it had been released from seizure, did not create a legal obligation against him in favor of the judgment creditor of the party whose property he had disposed of. Legal obligations do not arise in that way.

We also fail to perceive any legal obligation to be enforced under the call in warranty. The principal and surety on the injunction bond did not contract to warrant the sheriff against the consequences of his

own illegal acts. The injunction in no manner compelled him to release the seizure of the property.

We think the judgment against the appellants should be reversed.

It is therefore ordered that the judgment of the plaintiffs against the defendant Mora and the judgment in warranty of the defendant Avery against Mora & Boros be annulled, and it is now ordered that there be judgment in favor of the appellants, appellees paying costs of appeal.